UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DENISE PRINCE, ) | Civil Action No.: 4:11-cv-0833-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CASUAL FURNITURE WORLD OF ) | |
| MYRTLE BEACH and DAVID YECK; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., alleging sexual harassment during her employment with Defendant Casual Furniture World of Myrtle Beach. She also brings state law causes of action for outrage and assault and battery. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Presently before the Court is Defendants' second Motion for Sanctions (Document # 67). Plaintiff has not filed a Response to the Motion.

## II.     PROCEDURAL HISTORY

At the time Plaintiff filed this action, she was represented by counsel. On July 25, 2011, Defendants filed a Motion to Compel, seeking an order compelling Plaintiff to respond to their discovery requests. No Response was filed by Plaintiff and the Court entered an Order (Document # 27) granting the Motion to Compel and directing Plaintiff to serve responses to Defendants' discovery requests no later than August 29, 2011. On September 30, 2011, counsel for Plaintiff filed

a Motion to be Relieved as Counsel (Document # 32), in which he stated that "Plaintiff is either unwilling or unable to co-operate with counsel in providing necessary information with which to respond to Defendants' discovery requests in this case, or otherwise cooperate with counsel which directly affects the undersigned's ability to provide appropriate representation in this litigation."

A hearing was held on the Motion to be Relieved as Counsel. Plaintiff was notified of the hearing by counsel, but did not appear. The Motion to Be Relieved as Counsel was granted and Plaintiff was given twenty days to retain new counsel. Order (Document # 41). Plaintiff has not retained new counsel.

Defendants filed a Motion for Sanctions pursuant to Rule 37, Fed.R.Civ.P., seeking dismissal of this action for Plaintiff's failure to respond to their discovery requests as ordered. The undersigned entered an order (Document # 60) denying the Motion for Sanctions, noting that dismissal was too harsh a remedy at that time because Plaintiff had not previously been warned that a failure to participate in discovery or to obey court orders could result in dismissal. The undersigned directed Plaintiff to fully respond to Defendants' First Set of Interrogatories and First Set of Request for Production of Documents, both dated May 17, 2011, within fifteen (15) days of the date of the Order and noted that Defendants could file a second motion for sanctions should Plaintiff fail to comply with the Order. The undersigned also warned Plaintiff that a failure to respond to Defendants' discovery requests could result in a recommendation that this case be dismissed pursuant to Rule 37, Fed.R.Civ.P. Plaintiff has failed to respond to Defendants' discovery requests as directed in the Court's most recent Order.

### III.  MOTION FOR SANCTIONS

Presently before the Court is Defendants' second Motion for Sanctions, in which Defendants

seek an order of dismissal. The Court has authority to sanction a party for failure to comply with a discovery order pursuant to Rule 37(b)(2)(A), Fed.R.Civ.P., which provides, in relevant part,

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir.2001). It appears that Plaintiff has acted in bad faith by failing to cooperate with her counsel prior to him being relieved to provide the discovery requested by Defendants. Plaintiff's actions prevent Defendants from discovering the relevant facts of the case and preparing their defense. Written discovery is an essential part of litigation. It allows parties to gather facts and gain an understanding of the opposing party's view of the case, among other things. A defendant cannot

be expected to defend a case where the person bringing the action refuses to participate in the discovery process. Because of the importance of discovery to any litigation, the need to deter this kind of conduct is great. Finally, it appears that less drastic sanctions would not be effective. Plaintiff was specifically warned in the Court's most recent Order that her failure to serve responses to Defendants' discovery could result in a recommendation that the case be dismissed. Nevertheless, Plaintiff continues to ignore the orders of this Court as well as the Federal Rules of Civil Procedure. Thus, dismissal of this action is appropriate.

### IV.   CONCLUSION

Accordingly, it is recommended that Defendants' second Motion for Sanctions (Document # 67) be granted and this case be dismissed.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 16, 2013
Florence, South Carolina

**The parties are directed to the important notice on the following page.**